FILED
2016 Feb-26  AM 10:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY DYANE SEXTON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  4:14-cv-02165-MHH** |
| | } | |
| **ALAN C. FURR, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

On June 12 2015, Magistrate Judge Harwell Davis entered a report and recommendation concerning plaintiff Timothy Dyane Sexton's complaint.  (Doc. 7).  In his report, Judge Davis recommended that the Court dismiss Mr. Sexton's claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.  (Doc. 7, p. 7).  Mr. Sexton filed objections to the report and recommendation.  (Doc. 8).  For the reasons stated below, the Court adopts Judge Davis's report and accepts his recommendation.

## I.   STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party files timely objections to a report and recommendation, the district

court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

The Court reviews for plain error the portions of the report or proposed findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

## II.    DISCUSSION

### A.    Mr. Sexton's Complaint Fails to State a Claim against Defendant Donald Salser.

Mr. Sexton objects to Judge Davis's recommendation that the Court dismiss Mr. Sexton's claim against Alabama Bureau of Investigation employee Donald Salser.  Judge Davis correctly concluded that Mr. Sexton's complaint does not state a claim against Mr. Salser because Mr. Sexton did not allege "facts which show that Salser influenced [Judge] Furr's decision to set the plaintiff's bond at a certain amount." (*See* Doc. 7, p. 5).

According to Mr. Sexton's complaint, Mr. Salser arrested Mr. Sexton on July 24, 2013. (Doc. 1, p. 3).  On July 25, 2013, Mr. Sexton appeared before Judge

Alan Furr.  Judge Furr stated that Mr. Sexton faced an additional charge, and Judge

Furr set Mr. Sexton's bond at $1,000,000.  (Doc. 1, p. 3).  Mr. Sexton contends that

on July 26, 2013, Mr. Salser visited him in jail and tried to question him.  Mr.

Sexton told Mr. Salser that he did not want to talk.  (Doc. 1, p. 3).  Afterwards, the

state added a third charge, and Judge Furr set Mr. Sexton's bond at $2,000,000.

(Doc. 1, p. 4).[1]  Mr. Sexton contends that Mr. Salser "told the alleged victim . . .

that he would make sure [Mr. Sexton's] bond was set to where no one [Mr. Sexton

knew] would be able to get [Mr. Sexton] out."  (Doc. 1, p. 4).  Mr. Sexton asserts

that Judge Furr and Mr. Salser "maliciously made [his] bond high enough to deny

[Mr. Sexton] due process."  (Doc. 1, p. 5).   These allegations fall short of stating a

§ 1983 claim against Mr. Salser.

The Eighth Amendment of the United States Constitution states: "Excessive

bail shall not be required, nor excessive fines imposed, nor cruel and unusual

punishments inflicted."   U.S. Const. amend. VII.   "[T]he Eighth Amendment

---

[1] Mr. Sexton's state court record in *State of Alabama v. Sexton*, CC-2013-409 is available on alacourt.com.  The Court takes judicial notice of that record.  *See Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents related to another lawsuit because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'") (quoting Fed. R. Evid. 201(b); other internal citations omitted).

Mr. Sexton was charged in the Circuit Court of St. Clair County, Alabama, Pell City Division, with five counts:  (1) producing pornography with minors; (2) dissemination of obscene material; (3) possession of obscene matter; (4) first degree rape; and (5) first degree sexual abuse. (*See* December 9, 2013 docket entries and Doc. 34, *State of Alabama v. Sexton*, CC-2013-409).  On July 30, 2015, Mr. Sexton pleaded guilty to possession of obscene matter and first degree rape. (Doc. 34, *State of Alabama v. Sexton*, CC-2013-409).

applies to the states through the Fourteenth Amendment." *Chandler v. Crosby*, 397 F.3d 1278, 1288 n. 20 (11th Cir. 2004).   "[A] public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights." *Baker v. McCollan*, 443 U.S. 137 (1979) (internal quotation marks and citation omitted).  Therefore, to state a claim against Mr. Salser under § 1983, Mr. Sexton must allege facts showing that Mr. Salser caused Judge Furr to set an unconstitutional bond.  *See Jackson v. Sauls*, 205 F.3d 1156, 1168 (11th Cir. 2000) ("For damages to be proximately caused by a constitutional tort, a plaintiff must show that, except for that constitutional tort, such injuries and damages would not have occurred and further that such injuries and damages were the reasonably foreseeable consequences of the tortious acts or omissions in issue."). Mr. Sexton's complaint does not satisfy this requirement.

In Alabama, judicial officers have the exclusive authority to set bond.  *See* Ala. Code § 12-22-222(b) (explaining that "the judge or court" directs "the clerk of court in which conviction was had to admit the defendant to bail in a sum which may be prescribed by the court"); Ala. R. Crim. P. 7.2 (noting that judges and magistrates of the state courts are responsible for setting and reducing bond).  A court may consider a number of factors and recommended guidelines when setting bond.  *See*  Ala. R. Crim. P. 7.2(a), (b).  It is reasonably foreseeable that a judge

considering the conduct with which Mr. Sexton was charged independently would decide to set a high bond to prevent pre-trial release.

The Court cannot infer on the record before it that Mr. Salser impacted Judge Furr's decision regarding bond. Mr. Sexton does not allege facts showing that Mr. Salser influenced Judge Furr's decision to set Mr. Sexton's bond at a particular amount. In fact, Mr. Sexton does not allege that Mr. Salser communicated with Judge Furr about Mr. Sexton's bond. Because Mr. Sexton has failed to allege that Mr. Salser spoke to Judge Furr or otherwise influenced Judge Furr's decision regarding the bond amount, the Court will dismiss Mr. Sexton's claim against Mr. Salser. *See Bey v. Adams*, 2015 WL 3839908, at *10-11 (N.D. Ala. June 22, 2015) (dismissing § 1983 claim for excessive bail against police officers because the plaintiff failed to allege that the officer "influenced any judicial officer's independent judgment in setting his bail"); *Gresham v. Dell*, 630 F. Supp. 1135, 1137 (N.D. Ga. 1986) (dismissing § 1983 excessive bail claim and noting that "the amount of bail to be assessed in each case is within the sound discretion of the trial judge, and is not subject to question absent a clear abuse of that discretion").

### B.     Judge Furr is Immune from Suit for Money Damages.

Mr. Sexton also objects to Judge Davis's recommendation that the Court dismiss the claim for money damages against Judge Furr. Mr. Sexton asks: "how

can a judge not be held responsible for any acts in her/hers jurisdiction and be able to do anything they like and not be held responsible." (*See* Doc. 8, p. 2).   The answer to Mr. Sexton's question lies in Eleventh Circuit precedent.   In the Eleventh Circuit, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239) (11th Cir. 2000) (per curiam) (internal quotation marks and citations omitted).   "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).  Mr. Sexton does not allege that Judge Furr acted in the clear absence of all jurisdiction, and the record indicates that Judge Furr had jurisdiction to set Mr. Sexton's bond. Therefore, the Court will dismiss Mr. Sexton's claim for money damages against Judge Furr.

Mr. Sexton did not object to Judge Davis's recommendation that the Court dismiss Mr. Sexton's claim for injunctive relief against Judge Furr. However, the Court briefly addresses the reasons to dismiss Mr. Sexton's claim for injunctive relief.

When Judge Davis issued his report and recommendation, Mr. Sexton was in custody awaiting trial on his state court charges. (*See* docket sheet, *State of Alabama v. Sexton*, CC-2013-00409). Therefore, Judge Davis properly concluded that the Court did not have jurisdiction over Mr. Sexton's claim for injunctive relief under the *Rooker-Feldman* doctrine. (*See* Doc. 7, pp. 6-7). On July 30, 2015, Mr. Sexton pleaded guilty to two of the five state court charges against him. (*See* Doc. 37, *State of Alabama v. Sexton*, CC-2013-00409). Mr. Sexton currently is serving a 20 year sentence. (*See* August 10, 2015 entry, *State of Alabama v. Sexton*, CC-2013-00409).

"For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting *Johnson v. Bd. of Regents,* 263 F.3d 1234, 1265 (11th Cir. 2001)). Mr. Sexton has made no such showing. At this stage in the litigation, Judge Furr cannot adjust Mr. Sexton's bond because Mr. Sexton is serving a sentence in state prison. Therefore, Mr. Sexton does not have standing to seek injunctive relief

because he cannot show a sufficient likelihood that Judge Furr will subject him to the same allegedly unconstitutional conduct concerning a bond in the future. *See Koziara*, 392 F.3d at 1305; *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief.").

## III.   CONCLUSION

For the reasons explained above, the Court accepts Judge Davis's report and adopts his recommendation that the Court dismiss Mr. Sexton's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).  The Court will enter a separate dismissal order consistent with this memorandum opinion.

**DONE** and **ORDERED** this February 26, 2016.

_____

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE